UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

       -v.-                         :       INDICTMENT

MIHAIL DRAGHICI,                    :       S1 10 Cr. 1223 (CM)
IONEL DEDULESCU,
DIDI THEODOR CIULEI,                :
   a/k/a "Spirel," and
LAURENTIU MUGUREL MANTA,
   a/k/a "Mugur,"                  :

       Defendants.                 :

- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 08 2011

COUNT ONE

(Conspiracy to Commit Bank Fraud)

The Grand Jury charges:

Background

1. At all times relevant to this Indictment, Citigroup Inc. was a financial institution headquartered in New York, New York. Citigroup Inc. provided a broad range of banking and non-banking financial services and products both within and outside of the United States. Among the subsidiaries of Citigroup Inc., was Citibank, N.A. ("Citibank"), the deposits of which were insured by the Federal Deposit Insurance Company ("FDIC").

2. At all times relevant to this Indictment, JPMorgan Chase & Co. was a financial institution headquartered in New York, New York. JP Morgan Chase & Co. provided a broad range of banking and non-banking financial services and products both within and outside of the United States. Among the subsidiaries

of JPMorgan Chase & Co. was JPMorgan Chase Bank, N.A. ("Chase"), the deposits of which were insured by the FDIC.

3. At all times relevant to this Indictment, MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, were residents of Romania who made trips into and out of the United States, including into and out of Manhattan, New York.

4. At all times relevant to this Indictment, both Citibank and Chase allowed their customers to access their bank accounts, withdraw cash, and perform other activities at Automated Teller Machines ("ATMs") using cards issued by Citibank and Chase ("Bank Cards") together with corresponding personal identification numbers ("PINs").

5. Bank Cards typically bear a magnetic stripe on which account-related information has been electronically encoded.

6. At all times relevant to this Indictment, both Citibank and Chase placed electronic machines on counters at teller stations in bank branches that enabled customers to swipe their Bank Cards and enter their PINs prior to engaging in a transaction with a teller ("PIN Pads").

7. At all times relevant to this Indictment, certain Citibank branches placed ATMs in vestibules that could be accessed by customers when the branches were otherwise closed by

2

swiping a Bank Card into a card reader located at the entrance to the ATM vestibule.

## The Scheme to Defraud

8. From at least in or about March 2010, up to and including on or about May 29, 2011, in the Southern District of New York and elsewhere, MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, together with others known and unknown, used a variety of types of technology, collectively referred to as "Skimming Technology," to steal bank customers' account information, and then withdraw funds from banks using the stolen account information. The following are examples of "skimming" techniques used by DRAGHICI, DEDULESCU, CIULEI, MANTA, and their co-conspirators:

a. A first method involved surreptitiously replacing legitimate PIN Pads with PIN Pads that look identical but which contain technology that records the numbers of bank accounts (the "Victim Accounts") and corresponding PINs each time a bank client uses the PIN Pad (the "Compromised PIN Pads"). Specifically, the Compromised PIN Pads had been equipped with technology that recorded the customer's account-related information and corresponding PIN each time a bank customer used the Compromised PIN Pad. The Compromised PIN Pads also were

equipped with technology that enabled the stolen account information to be accessed remotely.

b. A second method involved the use of electronic skimming devices placed on card readers located at the entrance to ATM vestibules ("Vestibule Door Skimmers"), together with ATM PIN Pad overlays that are designed to look identical to an ATM PIN pad (the "Overlays"). The Overlays are designed to fit directly on top of an ATM PIN pad in a manner such that a customer would not notice its presence and could still use the ATM. The Overlay is equipped with electronic equipment that records PIN numbers as they are entered into the ATM.

9. MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, and their co-conspirators, then encoded the stolen account information onto the magnetic stripes of blank plastic cards, such as store gift cards, through the use of a device called a magnetic stripe reader/writer ("MSR").

10. MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, and their co-conspirators, then used the plastic cards with the encoded stolen information to make unauthorized withdrawals from the bank accounts that corresponded to the account information encoded onto the cards, including hundreds of thousands of dollars from Chase bank accounts.

## Statutory Allegations

11. From at least in or about March 2010, up to and including on about May 29, 2011, in the Southern District of New York and elsewhere, MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, § 1344.

12. It was a part and an object of the conspiracy that MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, § 1344.

## Overt Acts

13. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. On or about March 29, 2010, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, removed a PIN Pad from a Chase branch located at 610 Madison Avenue in Manhattan, New York, and replaced it with a Compromised Pin Pad.

b. On or about April 13, 2010, MIHAIL DRAGHICI, the defendant, and one or more co-conspirators removed a PIN Pad from a Chase branch located at 1775 Broadway in Manhattan, New York, and replaced it with a Compromised Pin Pad.

c. On or about April 14, 2010, MIHAIL DRAGHICI, the defendant, and one or more co-conspirators removed a PIN Pad from a Chase branch located at 245 Seventh Avenue in Manhattan, New York, and replaced it with a Compromised Pin Pad.

d. On or about April 30, 2010, IONEL DEDULESCU, the defendant, and one or more co-conspirators removed a PIN Pad from a Chase branch located at 900 First Avenue in Manhattan, New York, and replaced it with a Compromised Pin Pad.

e. On or about December 1, 2010, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, attempted to remove a PIN Pad from a Citibank branch located at 899 West Cyprus Creek Road, No. 1, Fort Lauderdale, Florida.

f. On or about December 2, 2010, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, removed a PIN Pad from a Citibank branch located at 1401 Brickell Avenue, No. 100, Miami, Florida, and replaced it with a Compromised Pin Pad.

g. On or about December 2, 2010, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, attempted to remove a PIN

Pad from a Chase branch located at 22191 Powerline Road, Boca Raton, Florida.

      h.    On or about May 29, 2011, THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, instructed another individual to install skimming devices at a Citibank branch located at 3535 North Central Avenue, in Chicago, Illinois.

(Title 18, United States Code, § 1349.)

## COUNT TWO

(Bank Fraud)

The Grand Jury further charges:

14.    The allegations in paragraphs 1 through 10 and 13 are repeated and realleged as if fully set forth herein.

15.    From at least in or about March 2010, up to and including in about December 2010, in the Southern District of New York and elsewhere, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain monies, funds, credits, assets, securities, and other property owned by and under the custody and control of such financial institutions by means of false and fraudulent pretenses, representations, and promises, to wit, DRAGHICI and DEDULESCU, and others known and unknown, (a) removed PIN Pads from banks, including Chase branches in Manhattan, New York; (b)

7

replaced them with Compromised PIN Pads; and (c) used information stolen through the use of Compromised PIN Pads to withdraw funds from the bank accounts that corresponded to the stolen account information.

(Title 18, United States Code, Sections 1344 and 2.)

COUNT THREE

(Conspiracy to Commit Access Device Fraud)

The Grand Jury further charges:

16. The allegations in paragraphs 1 through 10 and 13 are repeated and realleged as if fully set forth herein.

17. From at least in or about March 2010, up to and including on about May 29, 2011, in the Southern District of New York and elsewhere, MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United States Code, Sections 1029(a)(2), 1029(a)(3), and 1029(a)(5).

18. It was a part and an object of the conspiracy that MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, and others known and unknown, unlawfully, willfully and knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would and did traffic in and use one and more unauthorized access devices during a one-

8

year period, and by such conduct would and did obtain a thing of value aggregating $1,000 and more during that period, in violation of Title 18, United States Code, § 1029(a)(2).

19. It was further a part and an object of the conspiracy that MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, and others known and unknown, unlawfully, willfully and knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would and did possess fifteen and more devices which were counterfeit and unauthorized access devices, in violation of Title 18, United States Code, § 1029(a)(3).

20. It was further a part and an object of the conspiracy that MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, and others known and unknown, unlawfully, willfully and knowingly, and with intent to defraud, in an offense affecting interstate and foreign commerce, would and did effect transactions, with one and more access devices issued to another person and persons, to receive payment and another thing of value during a one-year period the aggregate value of which was equal to or greater than $1,000, in violation of Title 18, United States Code, § 1029(a)(5).

Overt Acts

21. In furtherance of the conspiracy and to effect the

illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

  a. On or about March 29, 2010, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, removed a PIN Pad from a Chase branch located at 610 Madison Avenue in Manhattan, New York, and replaced it with a Compromised Pin Pad.

  b. On or about April 13, 2010, MIHAIL DRAGHICI, the defendant, and one or more co-conspirators removed a PIN Pad from a Chase branch located at 1775 Broadway in Manhattan, New York, and replaced it with a Compromised Pin Pad.

  c. On or about April 14, 2010, MIHAIL DRAGHICI, the defendant, and one or more co-conspirators removed a PIN Pad from a Chase branch located at 245 Seventh Avenue in Manhattan, New York, and replaced it with a Compromised Pin Pad.

  d. On or about April 30, 2010, IONEL DEDULESCU, the defendant, and one or more co-conspirators removed a PIN Pad from a Chase branch located at 900 First Avenue in Manhattan, New York, and replaced it with a Compromised Pin Pad.

  e. On or about December 1, 2010, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, attempted to remove a PIN Pad from a Citibank branch located at 899 West Cyprus Creek Road, No. 1, Fort Lauderdale, Florida.

  f. On or about December 2, 2010, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, removed a PIN Pad from a

Citibank branch located at 1401 Brickell Avenue, No. 100, Miami, Florida, and replaced it with a Compromised Pin Pad.

  g. On or about December 2, 2010, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, attempted to remove a PIN Pad from a Chase branch located at 22191 Powerline Road, Boca Raton, Florida.

  h. On or about May 29, 2011, THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, instructed another individual to install skimming devices at a Citibank branch located at 3535 North Central Avenue, in Chicago, Illinois.

(Title 18, United States Code, § 1029(b)(2).)

## COUNT FOUR

(Aggravated Identity Theft)

The Grand Jury further charges:

22. The allegations in paragraphs 1 through 10, 13, and 21 are repeated and realleged as if fully set forth herein.

23. From at least in or about March 2010, up to and including on about May 29, 2011, in the Southern District of New York and elsewhere, MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, unlawfully, willfully, and knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to the felony violations charged in Counts One and Three of this Indictment, and DRAGHICI and DEDULESCU, also

did the same during and in relation to the felony violation charged in Count Two of this Indictment, to wit, the defendants used account information and PINs for bank customers, including customers of Chase branches in Manhattan, New York, to fraudulently withdraw money from those bank customers' accounts.

(Title 18, United States Code,
Sections 1028A(a)(1), 1028A(b), and 2.)

FORFEITURE ALLEGATION

(As to Counts One, Three, and Four)

24. As a result of committing one or more of the bank fraud, access device fraud, or aggravated identity theft offenses alleged in Counts One, Three, and Four, MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI THEODOR CIULEI, a/k/a "Spirel," and LAURENTIU MUGUREL MANTA, a/k/a "Mugur," the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violation, including but not limited to at least approximately $1,500,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense.

Substitute Assets Provision

25. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 982, 1349, 1028A, 1029.)

## FORFEITURE ALLEGATION

(As to Count Two)

26. As a result of committing the bank fraud offense alleged in Count Two, MIHAIL DRAGHICI and IONEL DEDULESCU, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2), any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such violations, including but not limited to at least approximately $1,500,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses.

## Substitute Assets Provision

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

(Title 18, United States Code, Sections 982 and 1344.)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MIHAIL DRAGHICI, IONEL DEDULESCU, DIDI
THEODOR CIULEI, a/k/a "Spirel," and
LAURENTIU MUGUREL MANTA, a/k/a "Mugur,"

Defendants.

INDICTMENT

S1 10 Cr. 1223 (CM)

18 U.S.C. §§ 1344, 1349, 1029(b)(2),
1028A and 2.

PREET BHARARA
United States Attorney.

**A TRUE BILL**

*Elizabeth B Gray*
Foreperson

6/6/2011 — A TRUE BILL,
G.C. CASE PREVIOUSLY ASSIGNED
TO JUDGE McMAHON.
FRANCIS, USMJ.